UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| XUAN T. NGUYEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04330-JRS-DML |
| | ) |
| HAMILTON EXHIBITS, LLC, | ) |
| | ) |
| Defendant. | ) |

## Report and Recommendation on Defendant's Motion for Sanctions

Defendant Hamilton Exhibits, LLC moves the court to dismiss the plaintiff's complaint as a sanction for his abuse of discovery and spoliation of evidence. It also seeks an award of fees and expenses incurred in bringing the motion. Mr. Nguyen did not respond to the motion and has never offered any evidence—not even his own sworn testimony—to counter the conclusion that he has spoliated evidence and abused the discovery process. As described more fully below, the court finds that Mr. Nguyen egregiously abused the discovery process and knowingly spoliated evidence critical to Hamilton Exhibits' defense of Mr. Nguyen's claims. The magistrate judge recommends that the district judge dismiss Mr. Nguyen's complaint with prejudice and award the defendant its reasonable attorneys' fees in bringing the motion for sanctions.

### A. The Plaintiff's Claims, Importance of a Photo on His Cell Phone, and His Efforts to Thwart Discovery Relating to the Photo

The plaintiff sued Hamilton Exhibits, his former employer, for unlawful discrimination under Title VII and the Age Discrimination in Employment Act,

claiming that Hamilton Exhibits paid him less in wages than it paid comparably-situated but younger and Caucasian employees, and that it terminated his employment in violation of those statutes. Mr. Nguyen's national origin or ethnicity is Vietnamese. Hamilton Exhibits maintains it fired Mr. Nguyen because he had secretly and inappropriately taken another employee's pay statement, took a picture of it using his cell phone without knowledge or permission of the employee, and lied about it. Mr. Nguyen had complained that this other employee made more money than he did and showed his supervisor a picture of the other employee's pay statement. The supervisor noticed that the photo had been taken the day before, on a Sunday, when Mr. Nguyen was not scheduled to work and, according to security footage, had not been in the office. The company's review of security footage showed that Mr. Nguyen had, the previous Friday, taken the co-worker's pay statement from the co-worker's desk and slid it into a container. The company believed Mr. Nguyen took the pay statement home and took a picture of it on Sunday. Mr. Nguyen maintained at the time that he had taken the photo in the office when he saw the other employee's open pay statement on the employee's desk, that he had not removed it from the premises, and that the photo had not been taken on a Sunday.

     Hamilton Exhibits sought in discovery information about the photo on Mr. Nguyen's cell phone and the cell phone itself. It wanted to conduct a forensic analysis of the photo and determine when it was taken. Early in the case, the

defendant sent Mr. Nguyen's counsel[1] an evidence preservation letter and demanded that all evidence related to the photo be preserved, including the cell phone itself. On March 17, 2020, the defendant served a Rule 34 request to inspect and copy the cell phone and obtain certain information stored on the phone. The plaintiff objected, claiming that the request was vague, overbroad, sought irrelevant information, and unduly impinged on his privacy interests. In response to a request for admission that he took the photo of the pay statement on Sunday, June 9, 2019, Mr. Nguyen claimed he did not have sufficient knowledge either to admit or deny the matter requested. In a letter to plaintiff's counsel in May 2020, the defendant asked again to inspect the phone because the date the photo was taken is critical to its defense theory, and it therefore needed to examine metadata for the photo image and review any text messages relating to the photo. No agreement was reached about production of the phone. At the request of the parties, the undersigned magistrate judge conducted a discovery conference with them and ruled that the defendant was entitled to a forensic examination of the cell phone related to the imaged pay statement. The court directed the parties to confer and reach an agreement on a protocol for producing the phone for examination, and it required them to file their proposed protocol by August 4, 2020.

The plaintiff did not respond to Hamilton Exhibits' proposed protocol and on August 4, Hamilton Exhibits filed its proposal. That proposal allowed the plaintiff

---

[1] After the sanctions motion was filed in September 2020, Mr. Nguyen's counsel sought and was granted permission to withdraw from representing him. *See* Dkt. 40.

to send his phone to the expert who would take an appropriate image and return the phone to the plaintiff the following day.  Later that week, the plaintiff stated he was attempting to get a replacement phone and would send his phone to the expert by August 14.  The court thereafter ordered the phone to be provided no later than Wednesday, August 19.  On Monday, August 17—two days before the phone was required to be turned over—the plaintiff's counsel reported to Hamilton Exhibits that Mr. Nyugen had gone fishing and lost his phone while fishing.  Counsel reported that Mr. Nyugen was still trying to find the phone.  Mr. Nyugen has never produced the phone.

### B. **The Court's Sanctions Power**

The court's inherent power and Rule 37 give it broad authority to sanction parties who abuse the discovery process or defy the court's orders.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991) (court has inherent power to protect integrity of judicial system and may impose sanctions for abusive behavior).  Rule 37(b)(2)(A) permits the court to sanction a party, including by dismissing his case, when he fails to obey an order to provide or permit discovery.  Whether acting under its inherent authority or Rule 37, a court can impose the ultimate sanction of dismissal against a plaintiff for discovery-related misconduct where the misconduct that the court determines is egregious enough to support that sanction is established by a preponderance of the evidence.  *Ramirez v. T&H Lemont, Inc.,* 845 F.3d 772, (7th Cir. 2016).

Sanctions serve two purposes: to penalize parties who do not follow the rules and to deter others tempted by the notion that abusive conduct has no serious consequences. *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 758-59 (7th Cir. 2005). A sanction must be proportional to the offense, *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003), and the court should consider "the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Dotson v. Bravo,* 321 F.3d 663, 667-68 (7th Cir. 2003) (internal quotation omitted).

C. **Dismissal as an Appropriate Sanction**

The court finds by a preponderance of the evidence that Mr. Nyugen deliberately destroyed or secreted his cell phone for the purpose of preventing the defendant from proving that he had taken the co-worker's pay statement and removed it from the work premises and then lied about it. Mr. Nyugen knew that such evidence could doom his discrimination and retaliation claims.

Mr. Nyugen made meritless objections to discovery requests relating to the cell phone and the photo, and he repeatedly engaged in stalling behavior to prevent Hamilton Exhibits from gathering this critical information. *See Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1383 (7th Cir. 1993) (a party's willfulness or bad faith in violating discovery obligations may be inferred through his "pattern of contumacious conduct or dilatory tactics"); *Mathis v. John Morden Buick, Inc.,* 136 F.3d 1153, 1155 (7th Cir. 1998) (court has authority to enter judgment against a party who destroys evidence in bad faith). When backed into the corner and ordered

to produce the phone, the only reasonable inference from the facts presented is that Mr. Nyugen decided to get rid of his phone and advance a fanciful tale about what happened to it. The story he gave his counsel that the phone suddenly went missing during a fishing trip a couple days before it was required to be turned over is not believable; it's a fish tale of a different sort.

Mr. Nyugen had a duty to preserve the phone. He has always known that the photo on the phone is material evidence and that Hamilton Exhibits could use that evidence to undermine his claims. It is reasonable to conclude from all of the circumstances (including Mr. Nyugen's failure even to respond to the sanctions motion)[2] that Mr. Nyugen acted in bad faith in putting up roadblocks to production of the phone and information about the photo, in failing to preserve the phone or in deliberately destroying it, in failing to comply with the court's order to produce the phone, and in causing his lawyer to tell opposing counsel a false story about the loss of the phone.

Dismissal is an appropriate sanction for this conduct. *See Ramirez,* 845 F.3d 772 (7th Cir. 2016) (affirming district court's dismissal of the plaintiff's case when he tampered with a witness, and noting that any civil litigant is obligated "to comport himself appropriately before the court and refrain from attempts to deceive his opponent and to perpetrate a fraud on the court"); *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Services Americas LLC,* 516 F.3d 623, 625-26 (7th Cir.

---

[2] Mr. Nyugen did not respond to the sanctions motion. He has provided nothing to detract from the court's conclusions about his bad faith and deceitful conduct.

2008) (affirming district court's dismissal of plaintiff's complaint where the court reasonably determined that the plaintiff had been deceitful to avoid serious consequences in the litigation, and the deceit severely prejudiced the defendant's legal position); *Greviskes,* 417 F.3d at 759 (district court was right to dismiss suit where plaintiff "engaged in fraudulent misconduct in the course of discovery" and "attempted to obstruct justice by concealing records"); *Marrocco v. General Motors Corp.,* 966 F.2d 220, 224-25 (7th Cir. 1992) (affirming district court's directing verdict for plaintiff where the defendant "stood idly by" in failing to preserve evidence crucial to the case).

D. **Attorneys' Fees**

Hamilton Exhibits also seeks an award of attorneys' fees in bringing its motion for sanctions. The court has the authority to grant that request. *See* Rule 37(b)(2)(C) (providing for award of attorneys' fees against party who did not comply with court's discovery order); *Fuery v. City of Chicago,* 900 F.3d 450, 468-69 (7th Cir. 2018) (court's inherent authority allowed award of attorneys' fees for bringing successful sanctions motion; proper to compensate party for effects of opponent's egregious litigation behavior). The court determines that an award of fees to Hamilton Exhibits is appropriate. There is no justification for Mr. Nyugen's abusive litigation conduct.

## Conclusion

The magistrate judge reports and recommends that the district court GRANT the defendant's motion for sanctions (Dkt. 30) and DISMISS with PREJUDICE Mr. Nyugen's complaint and ORDER him to pay Hamilton Exhibits' reasonable attorneys' fees in bringing the motion for sanctions.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: November 18, 2020

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

Via United States mail:

**XUAN T. NGUYEN**
158 Longfellow Lane
Greenfield, IN 46140